# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:13-cv-3937-LFR |
| v. ) | (Judge L. Felipe Restrepo) |
| ) | |
| SAINT JOSEPH'S UNIVERSITY, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

AND NOW, this _____ day of _____ 2013, upon consideration of the Foundation for Individual Rights In Education's Motion for Leave to File an *Amicus Curiae* Brief in Support of Plaintiff, and any response thereto, it is hereby ORDERED that the Motion is GRANTED.

BY THE COURT:

_____

Hon. L. Felipe Restrepo

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN HARRIS, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:13-cv-3937-LFR |
| | ) (Judge L. Felipe Restrepo) |
| SAINT JOSEPH'S UNIVERSITY, et al., | ) |
| Defendants. | ) |

MOTION TO FILE BRIEF *AMICUS CURIAE* OF
FOUNDATION FOR INDIVIDUAL RIGHTS IN EDUCATION
IN SUPPORT OF PLAINTIFF

The Foundation for Individual Rights in Education, Inc., ("FIRE") moves for leave to file an *amicus curiae* brief in support of Plaintiff Brian Harris in the above-captioned case. Movant states the following in support of its Motion:

1. The Foundation for Individual Rights in Education ("FIRE") is a non-partisan, nonprofit, tax-exempt education and civil liberties organization pursuant to Section 501(c)(3) of the Internal Revenue Code. FIRE's mission is to defend and sustain individual rights at America's colleges and universities. These rights include freedom of speech, legal equality, due process, religious liberty, and sanctity of conscience—the essential qualities of individual liberty and dignity. FIRE also educates the public and communities of concerned Americans about ways to combat the threats to these rights on college campuses.

2. FIRE has effectively and decisively defended constitutional liberties on behalf of thousands of students and faculty who are challenged by those willing to deny fundamental rights and liberties within institutions of higher education. In the interest of protecting student and faculty rights at our nation's colleges and universities, FIRE has participated as *amicus curiae* in many cases. *See, e.g., Barnes v. Zaccari*, 669 F.3d 1295 (11th Cir. 2012); *Adams v. Trustees of the University of North Carolina–Wilmington*, 640 F.3d 550 (4th Cir. 2011); *DeJohn v. Temple University*, 537 F.3d 301 (3d Cir. 2008).

3. In addition to individual casework, FIRE works nationally to inform the public about the status of free speech and due process rights on college campuses. FIRE

has published a series of *Guides* for students on civil liberties, including FIRE's *Guide to Due Process and Fair Procedure on Campus*.

4. FIRE advocates for thousands of students, faculty, parents, alumni, and concerned citizens across the nation who desire to see due process rights in college disciplinary procedures protected, not curtailed. Most recently, FIRE worked with legislators in North Carolina to pass a law, the first in the country, guaranteeing a right to hire counsel for students accused of non-academic misconduct. Thus, FIRE and the thousands of persons for whom FIRE advocates have a special and particular interest in the outcome of this case.

5. The 2011 "Dear Colleague" letter issued by the Office for Civil Rights ("OCR") of the Department of Education, which St. Joseph's University cites in its defense, has been a focal point of FIRE's advocacy. FIRE has corresponded directly with OCR regarding the "Dear Colleague" letter and has commented on it extensively in numerous national media outlets.

6. This case is of significant concern to *amicus* FIRE because the University bases its argument in its Memorandum of Law in Support of Motion to Dismiss Plaintiff's Complaint (Doc. # 18) on the "Dear Colleague" letter. Specifically, the University argues that the Plaintiff's challenge to two of its practices must fail because they were recommended in the "Dear Colleague" letter. That letter claimed that Title IX requires restricting due process protections afforded to students accused of sexual misconduct and urged colleges to discard safeguards that had previously been commonplace in disciplinary proceedings, such as use of the "clear and convincing

evidence" standard of proof and permitting cross-examination. *See* "Dear Colleague" letter at 5–6 n.2.

7. As we explain in the accompanying *amicus* brief, the advice for colleges contained in the "Dear Colleague" letter is not entitled to judicial deference.

8. An *amicus* brief would be timely and useful to this Court because of the importance and complexity of the concerns raised by the University's reliance on the "Dear Colleague" letter, which might otherwise not be fully briefed. The University would have this Court dismiss Plaintiff's case based on a "Dear Colleague" letter that has been immensely controversial, drawing criticism from law professors, lawyers, educators, journalists, civil liberties groups, and a former OCR lawyer. Moreover, accepting the defendant's contention that the "Dear Colleague" letter is binding would immunize colleges and universities from being answerable for expelling students over thinly-grounded charges without providing even basic due process protections.

Dated: October 21, 2013

Respectfully submitted,

By: /s/ William A. Bonner
William A. Bonner (Pa. I.D. No. 10263)
Attorney for *Amicus Curiae*
12 Veterans Square, P.O. Box 259
Media, Pennsylvania 19063
610-566-2703

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on October __, 2013, he filed via the ECF System a true and correct copy of the foregoing Motion to File Brief *Amicus Curiae* of the Foundation for Individual Rights in Education, and the accompanying Brief *Amicus Curiae* lodged therewith, which constitutes valid service on the following registered users:

James A. Keller, Esq.
Joshua W.B. Richards, Esq.
Emily H. Bensinger, Esq.
Saul Ewing LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
jkeller@saul.com
jrichards@saul.com
ebensinger@saul.com

Kenneth M. Dubrow, Esq.
The Chartwell Law Offices, LLP
1735 Market Street, 29th Floor
Philadelphia, PA 19103
kdubrow@chartwelllaw.com

Timothy Burke, Esq.
Two Liberty Place
Eckert Seamans Cherin & Mellott, LLC
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102
tburke@eckertseamans.com

Daniel J. Rucket, Esq.
John H. McCarthy, Esq.
Rawle & Henderson
1339 Chestnut Street, One South Penn Square
The Widener Building, 16th Floor
Philadelphia, PA 19107
drucket@rawle.com
jmccarthy@rawle.com

*William A. Bonner* (signature)
William A. Bonner (Pa. I.D. No. 10263)