**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRIAN HARRIS | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | No. 2:13-cv-03937-LFR |
| v. | : | |
| | : | |
| SAINT JOSEPH'S UNIVERSITY, et. al. | : | |
| Defendants | : | |

**O R D E R**

AND NOW, this _____ day of _____, 2013, upon consideration of The

Foundation for Individual Rights in Education's ("FIRE") Motion for Leave to File an *Amicus*

*Curiae* Brief in Support of Plaintiff, and all responses thereto, it is hereby **ORDERED** and

**DECREED** that said Motion is **DENIED** and FIRE's proposed brief, attached as Exhibit 1 to its

Motion, is **STRICKEN**, with prejudice.


BY THE COURT:


_____
Hon. L. Felipe Restrepo

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRIAN HARRIS | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | No. 2:13-cv-03937-LFR |
| v. | : | |
| | : | |
| SAINT JOSEPH'S UNIVERSITY, et. al. | : | |
| Defendants | : | |

**JANE DOE'S RESPONSE TO THE FOUNDATION FOR
INDIVIDUAL RIGHTS IN EDUCATION'S MOTION FOR LEAVE
TO FILE AN *AMICUS CURIAE* BRIEF IN SUPPORT OF PLAINTIFF**

Defendant Jane Doe, by and through her counsel, Rawle & Henderson LLP, **opposes** The Foundation for Individual Rights in Education's ("FIRE") Motion for Leave to File an *Amicus Curiae* Brief in Support of Plaintiff, and responds as follows:

1.      Denied.    After reasonable investigation, Jane Doe is without sufficient information to admit the allegations in this paragraph and therefore denies them.

2.      Denied.    After reasonable investigation, Jane Doe is without sufficient information to admit the allegations in this paragraph and therefore denies them.

3.      Denied.    After reasonable investigation, Jane Doe is without sufficient information to admit the allegations in this paragraph and therefore denies them.

4.      Denied.    After reasonable investigation, Jane Doe is without sufficient information to admit the allegations in this paragraph and therefore denies them.

5.      Admitted in part.    Denied in part.    Admitted that defendant St. Joseph's University ("SJU") cites the 2011 Dear Colleague letter issued by the Department of Education Office for Civil Rights in its defense.    After reasonable investigation, Jane Doe is without sufficient information to admit the remaining allegations in this paragraph and therefore denies them.

6.      Denied.  The allegations in this paragraph regarding SJU's arguments in its Memorandum of Law in Support of it Motion to Dismiss Plaintiff's Amended Complaint and the Dear Colleague letter refer to written documents that speak for themselves and therefore are denied.  After reasonable investigation, Jane Doe is without sufficient information to admit the remaining allegations in this paragraph and therefore denies them.

7.      Denied as a conclusion of law to which no response is required.

8.      Denied as a conclusion of law to which no response is required. By way of further answer, an amicus curiae brief by FIRE would be neither timely nor useful to this Court for the reasons set forth in the accompanying memorandum of law, which is incorporated herein by reference.  FIRE requested Jane Doe's consent to file an Amicus Curiae brief.  Jane Doe did not consent to the filing of an Amicus Curiae Brief.  A true and correct copy of the October 18, 2013 letter from Jane Doe's counsel to FIRE is appended hereto as Exhibit "A".

WHEREFORE, defendant Jane Doe demands that the motion for leave to file an *Amicus Curiae* brief in support of plaintiff filed by The Foundation for Individual Rights in Education be DENIED and the *Amicus Curiae* brief attached to the motion be STRICKEN, with prejudice.

Respectfully submitted,

RAWLE & HENDERSON LLP

Dated: October 28, 2013                    By: /s/ *Daniel J. Rucket*

_____
Daniel J. Rucket, Esquire
I.D. No. 70009
The Widener Building
One South Penn Square
Philadelphia, PA 19107
(215) 575-4200
*Attorneys for Defendant Jane Doe*

2

# Exhibit "A"

# RAWLE & HENDERSON LLP



The Nation's Oldest Law Office • *Established in 1783*

**www.rawle.com**

DANIEL J. RUCKET
215-575-4217
drucket@rawle.com

THE WIDENER BUILDING
ONE SOUTH PENN SQUARE
PHILADELPHIA, PA 19107

TELEPHONE:(215) 575-4200
FACSIMILE:(215) 563-2583

October 18, 2013

Samantha Harris
Foundation for Individual Rights in Education
601 Walnut Street
Suite 510
Philadelphia, PA  19106

> **Re:**  **Brian Harris v. Saint Joseph's University, et al.**
> **Our File No.  454549**

Dear Ms. Harris:

I am in receipt of your letter dated October 17, 2013 regarding the *Harris v. St. Joseph's University, et. al.* case.  Please be advised that we, and our client, do <u>not</u> consent to your filing a motion to file an *amicus curiae* brief in this matter.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

RAWLE & HENDERSON LLP

By: Daniel J. Rucket

DJR/

6851686-1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

BRIAN HARRIS               :
           Plaintiff       :     CIVIL ACTION
                        :     No. 2:13-cv-03937-LFR
         v.             :
                        :
SAINT JOSEPH'S UNIVERSITY, et. al.  :
          Defendants    :

**JANE DOE'S MEMORANDUM OF LAW IN OPPOSITION TO THE FOUNDATION FOR INDIVIDUAL RIGHTS IN EDUCATION'S MOTION FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF IN SUPPORT OF PLAINTIFF**

## Introduction

After sexually assaulting defendant Jane Doe and being found to have done so at two separate Administrative Hearings held by defendant St. Joseph's University ("SJU"), plaintiff Brian Harris ("Harris") improperly seeks to relitigate these findings in Federal Court. Jane Doe has filed a Motion to Dismiss all claims against her. The Foundation for Individual Rights in Education ("FIRE") now attempts to inject its opinions regarding Federal policy into this case and to denigrate the rights of female students to be free from sexual assault on campus, purportedly to advocate other individual rights in education. FIRE's opinions and self-promotion of its beliefs have no place in this lawsuit. Defendant Jane Doe therefore **opposes** FIRE's Motion for Leave to File an *Amicus Curiae* Brief in Support of Plaintiff.

## Argument

There is no mechanism under the Federal Rules of Civil Procedure for the filing of an *amicus curiae* brief. While the court may allow *amicus curiae* briefs, at the trial level, where issues of fact as well as law predominate, the aid of *amicus curiae* are less appropriate than at the

appellate level where such participation has become standard procedure." *Yip v. Pagano*, 606 F. Supp. 1566, 1568 (D.N.J. 1985), aff'd, 782 F.2d 1033 (3rd Cir.), *cert. denied*, 476 U.S. 1141, 90 L.Ed. 2d 694, 106 S. Ct. 2248 (1986); *See Liberty Res., Inc. v. Phila. Hous. Auth.*, 395 F.Supp.2d 206, 209 (E.D.Pa. 2005) (explaining courts have discretion to permit *amicus* briefs where warranted); *United States v. Alkaabi*, 223 F.Supp.2d 583, 592 n.16 (D.N.J. 2002) (observing that amicus briefs are not usually appropriate at trial level).  Consistent with these cases demonstrating that *amicus curiae* briefs are **not** generally appropriate in District Court, FIRE's motion cites to prior *amicus curiae* briefs it has filed, all of which are in the Court of Appeals, **not** trial court.  *See FIRE's motion, ¶ 2.*

When allowed, non-parties  typically are granted leave to file an *amicus curiae* brief only when the following conditions are present: (1)the  petitioner has a "special interest" in the particular case; (2) the petitioner's interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the petitioner is not partial to a particular outcome in the case.  *Liberty Res., Inc. v. Phila. Hous. Auth.*, 395 F.Supp.2d 206 (E.D.Pa. 2005). First, FIRE is **not** impartial to the outcome of this case, precluding it from being allowed to file an *amicus curiae* brief.  A*micus curiae* is "an impartial individual who suggests the interpretation and status of the law, gives information concerning it, and whose function is to advise in order that justice may be done, rather than to advocate a point of view so that a cause may be won by one party or another.  *Sciotto v. Marple Newtown School District, et al.*, 70 F.Supp.2d 553, 554 (E.D. Pa. 1999); *Leigh v. Engle*, 535 F.Supp. 418, 419 (N.D. Ill. 1982).  "If policy arguments are to be the [petitioner's] only contribution to his case, then the judicial process is better served if the [petitioner] did not contribute at the district court level."  *Sciotto*, 70 F.Supp.2d at 556.

FIRE certainly cannot be said to be impartial in this matter.  FIRE is an advocacy group whose mission purportedly is to defend and sustain individual rights at America's colleges and university, including freedom of speech, legal equality, due process, religious liberty, and sanctity of conscience.  While this mission apparently does **not** include the rights of female students to be free from sexual assault on campus, it does include opposition to the Dear Colleague Letter issued by the Department of Education's Office for Civil Rights on April 14, 2011, the mandate of which SJU chose to follow in its procedures for investigating alleged improper conduct on the campus of its private university.  FIRE admits in their Motion that it has corresponded directly with OCR regarding the 'Dear Colleague' letter and has commented on it extensively in numerous media outlets.  *See FIRE's motion, ¶ 5.*  FIRE admits in its Motion that the Dear Colleague letter has been focal point of its advocacy.  *See FIRE's motion, ¶ 5.*  In the very first paragraph of their Motion, FIRE "moves for leave to file an *amicus curiae* brief in support of Plaintiff Brian Harris".  **When an organization seeking to appear as *amicus curiae* is perceived to be an advocate for one of the parties to the litigation, leave to appear *amicus curiae* should be denied**.  *Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.,* 149 F.R.D. 65, 83 (D.N.J. 1993); *See also United States v. Gotti*, 755 F.Supp. 1157, 1158-59 (E.D.N.Y. 1991) (rejecting *amicus curiae* application for its failure to provide an "objective, dispassionate, neutral discussion of the issues").  There can be no doubt that FIRE is **<u>not</u> impartial** and is attempting to inject itself into this lawsuit to advocate for Harris.  Clearly, this makes FIRE an *amicus reus* rather than *amicus curiae*.  Consequently, FIRE's Motion must be denied.

Next, FIRE and Harris have a similar interest in trying to convince this court that SJU, as a private institution, should not be allowed to follow the mandate of the OCR and somehow that SJU's policies that were agreed to by Harris when he matriculated at SJU and was provided

SJU's Handbook, somehow is a violation of Harris' rights under his contract with SJU.  FIRE cannot, and does not in its Motion, argue that its interest in this case is not identical to Harris' interest, and therefore adequately represented by counsel for Harris.  Harris' allegations in this case are that his due process rights were denied, and that the mandates of the "Dear Colleague" letter should be disregarded.  FIRE's interests, according to their Motion, are identical.  Harris is represented by very competent counsel who has managed to file lengthy briefs his opposition to two Motions to Dismiss.  Consequently, FIRE's interest in opposing the Dear Colleague letter as it applies to the Administrative Hearings at this private university, as misguided as it is, is competently represented by counsel for Harris  *See, e.g. Prof'l Drug Co. Inc. v. Wyeth Inc.,* CIV.A. 11-5479 JAP, 2012 WL 4794587 (D.N.J. Oct. 3, 2012)(Duplicating arguments raised by parties represented by competent counsel who have ably addressed the relevant issues relating to Motions to Dismiss is not the proper role of an *amicus curiae*).  As a result, FIRE's Motion must be denied.

Next, FIRE claims that its brief would be useful and timely "because of the importance and complexity of the concerns raised by the University's reliance on the 'Dear Colleague' letter, which might not otherwise be briefed."  *See Fire's Motion, ¶ 8.*  In order to prevail on his basic claims in this litigation, Harris would have to brief the issue of the applicability of the "Dear Colleague" letter.  Harris has filed extensive briefs in opposition to both Motions to Dismiss.  Simply because Harris wants another voice to be heard to somehow lend credence to his argument does not make his argument novel or incapable of being presented to the court without assistance from FIRE.  FIRE's *amicus curiae* brief would be nothing more than a brief in support of Harris' opposition to the Motions to Dismiss.  Harris has filed his responses and the Court is fully capable of addressing the legal issues raised in them and in the Motions to Dismiss without

FIRE's assistance or desire to use this case as a forum to advocate its policy beliefs.  Therefore,

FIRE's brief is neither timely nor useful at the pleadings stage of this case and its Motion must

be dismissed.


## Conclusion

FIRE should not be granted a platform to try to advance its own public policy position

in a case in which it has no legally cognizable interest.  For all the foregoing reasons, FIRE's

motion for leave to file an *amicus curiae* brief should be DENIED and the *amicus curiae* brief

attached to the motion be STRICKEN, with prejudice.


Respectfully submitted,

RAWLE & HENDERSON LLP

Dated: <u>October 28, 2013</u>                    By: */s/ Daniel J. Rucket*

Daniel J. Rucket, Esquire
I.D. No. 70009
The Widener Building
One South Penn Square
Philadelphia, PA 19107
(215) 575-4200
*Attorneys for Defendant Jane Doe*

## CERTIFICATE OF SERVICE

I, Daniel J. Rucket, do hereby certify that I caused a true and correct copy of Defendant

Jane Doe's Response to The Foundation for Individual Rights in Education's Motion for Leave

to File an *Amicus Curiae* Brief in Support of Plaintiff to be filed electronically and it is available

for viewing and downloading from the ECF system.  Service upon the parties listed below was

made electronically on October 28, 2013.


Respectfully submitted,

RAWLE & HENDERSON LLP


Dated: October 28, 2013                    By: /s/ *Daniel J. Rucket*

Daniel J. Rucket, Esquire
I.D. No. 70009
The Widener Building
One South Penn Square
Philadelphia, PA 19107
(215) 575-4200
*Attorneys for Defendant Jane Doe*