LFR



# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRIAN HARRIS,

    Plaintiff,

v.

SAINT JOSEPH'S UNIVERSITY,
JOSEPH KALIN, and JANE DOE,

    Defendants.

No. 2:13-cv-3937-LFR

FILED

NOV - 8 2013

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## REPLY BRIEF OF DEFENDANTS SAINT JOSEPH'S UNIVERSITY AND JOSEPH KALIN IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendants Saint Joseph's University and Joseph Kalin submit this Reply Brief in support of their Motion to Dismiss Plaintiff Brian Harris' Amended Complaint (Doc. No. 20).

/s/ James A. Keller, Esquire
James A. Keller, Esquire/79855
Joshua W. B. Richards, Esquire/204315
SAUL EWING LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
(215) 972-7777
jkeller@saul.com
jrichards@saul.com

## TABLE OF CONTENTS

**PAGE**

ARGUMENT ............................................................................................................................. 1

I. PLAINTIFF'S CURIOUS AND NON-SUBSTANTIVE RESPONSE CANNOT SAVE HIS BREACH OF CONTRACT CLAIM. .................................................................. 1

II. PLAINTIFF'S ARGUMENT IN SUPPORT OF HIS PURPORTED COVENANT OF GOOD FAITH AND FAIR DEALING CLAIM MISSTATES AND IGNORES THE LAW. ............................................................................................................................. 4

III. PLAINTIFF'S OPPOSITION UNDERSCORES THE CONCLUSION THAT HARRIS HAS NOT PLED A TITLE IX CLAIM. ................................................................ 6

IV. PLAINTIFF'S DEFAMATION AND FALSE LIGHT CLAIMS FAIL. ............................... 7

V. PLAINTIFF'S UNFAIR TRADE PRACTICES CLAIM FAILS BECAUSE IT IS BASED ON FACIALLY IMPLAUSIBLE ALLEGATIONS. ................................................ 8

CONCLUSION ........................................................................................................................... 9

# **TABLE OF AUTHORITIES**

### FEDERAL CASES

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ................................................................................................................8

*Chemtech Int'l, Inc. v. Chem. Injection Techs., Inc.,*
   170 F. App'x 805 (3d Cir. 2006) ............................................................................................2

*Chrysler Credit Corp. v. B.J.M., Jr., Inc.,*
   834 F. Supp. 813 (E.D.Pa. 1993) ........................................................................................4, 5

*D'Angio v. Borough of Nescopack,*
   34 F. Supp. 2d 256 (M.D. Pa. 1999) ......................................................................................2

*Dempsey v. Bucknell Univ.,*
   No. 4:11-cv-1679, 2012 WL 1569826 (M.D. Pa. May 3, 2012) ............................................3

*Doe v. Univ. of the S.,*
   687 F. Supp. 2d 744 (E.D. Tenn. 2009) .................................................................................7

*Duquesne Light Co. v. Westinghouse Elec. Corp.,*
   66 F.3d 604 (3d Cir. 1995) .....................................................................................................5

*Fellheimer v. Middlebury Coll.,*
   869 F.Supp. 238 (D.Vt. 1993) ................................................................................................3

*Fowler v. UPMC Shadyside,*
   578 F.3d 203 (3d Cir. 2009) ...................................................................................................8

*Furey v. Temple Univ.,*
   730 F. Supp. 2d 380 (E.D. Pa. 2010) .....................................................................................3

*GE Capital Mortg. Servs., Inc. v. Pinnacle Mortg. Inv. Corp.,*
   897 F. Supp. 854 (E.D. Pa. 1995) ..........................................................................................7

*Gjeka v. Del. Cnty. Cmty. Coll.,*
   Civ. A. No. 12-4548, 2013 WL 2257727 (E.D. Pa. May 23, 2013) .......................................3

*Goldvekht v. United Fed'n of Teachers,*
   No. 08-CV-1494, 2009 WL 129495 (E.D.N.Y Jan. 20, 2009) ..............................................6

*Hoffman v. Dougher,*
   No. Civ. A 1:05CV0906, 2006 WL 2709703 (M.D.Pa. Sept. 20, 2006) ...............................2


*Hyman v. Cornell Univ.*,
  834 F. Supp. 2d 77 (N.D.N.Y. 2011), *aff'd*,
  485 F. App'x 465 (2d Cir. 2012), *cert. denied*,
  133 S. Ct. 1268 (2013), *reh'g denied*,
  133 S. Ct. 1858 (2013) ...................................................................................................7

*Johnson v. Temple Univ. of Commonwealth Sys. of Higher Educ.*,
  CIV. A. 12-515, 2013 WL 5298484 (E.D. Pa. Sept. 19, 2013) .................................4

*Lescoe v. Pa. Dep't of Corrections SCI-Frackville*,
  4:09-CV-839, 2011 WL 1343144 (M.D. Pa. Mar. 30, 2011), *aff'd*, 464 F. App'x 50
  (3d Cir. 2012) ....................................................................................................................2

*Mallory v. Ohio Univ.*,
  76 F. App'x 634 (6th Cir. 2003) .....................................................................................8

*Manning v. Temple Univ.*,
  Civ. A. 03-4012, 2004 WL 3019230 (E.D. Pa. Dec. 30, 2004) .................................3

*Manolov v. Borough of Manhattan Cmty. Coll.*,
  No. 12 CIV. 1919, 2012 WL 6703570 (S.D.N.Y. Dec. 20, 2012) .............................7

*McFadyen v. Duke Univ.*, 786 F. Supp. 2d 887 (M.D.N.C. 2011), *aff'd in part, rev'd in
  part on other grounds, dismissed in part sub nom. Evans v. Chalmers*, 703 F.3d 636
  (4th Cir. 2012), *petition for cert. filed*, 82 U.S.L.W. 3002 (June 13, 2013) ...........2, 3

*Pennsylvania v. United States*,
  CIV A 05-1345, 2006 WL 2708177 (W.D. Pa. Sept. 19, 2006) ................................2

*Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*,
  836 F.2d 173 (3d Cir. 1988) ............................................................................................1

*Pinnix v. The Fielding Inst.*,
  53 F. App'x 204 (3d Cir. 2002) ......................................................................................5

*Reagor v. Okmulgee County Family Resource Center., Inc.*,
  12-CV-154-JHP, 2012 WL 4105142 (E.D. Okla. Sept. 17, 2012) ............................6

*Scott v. WorldStarHipHop, Inc.*,
  10 CIV 9538, 2011 WL 5082410 (S.D.N.Y. Oct. 25, 2011) .....................................7

*Swierkiewicz v. Sorema N.A.*,
  534 U.S. 506 (2002) ..........................................................................................................7

*Tafuto v. N.J. Inst. of Tech.*,
  CIV. A. 10-4521 PGS, 2011 WL 3163240 (D.N.J. July 26, 2011) ...........................7

*Thomas v. Ne. Univ.*,
  457 F. App'x 83 (3d Cir. 2012) .................................................................................................5

*Vurimindi v. Fuqua Sch. of Bus.*,
  No. 10–234, 2010 WL 3419568 (E.D.Pa. Aug. 25, 2010), *aff'd*,
  435 F. App'x 129 (3d Cir. 2011) ................................................................................................5

*Yusuf v. Vassar College*,
  35 F.3d 709 (2d Cir. 1994) ....................................................................................................6, 7

## STATE CASES

*Barr v. Cmty. Coll. Of Beaver Cnty.*,
  968 A.2d 235 (Pa. Commw. Ct. 2009) .....................................................................................3

*Morris v. Brandeis Univ.*,
  No. CA002161, 2001 WL 1470357 (Mass. Super. Ct. Sept. 4, 2001), *aff'd*,
  804 N.E. 2d 961 (Mass. App. Ct. 2004) ...................................................................................5

*Shifflet v. Thomson Newspapers (Ohio), Inc.*,
  431 N.E.2d 1014 (Ohio 1982) ..................................................................................................7

*Tran v. State Sys. of Higher Educ.*,
  986 A.2d 179 (Pa. Commw. Ct. 2009) .....................................................................................4

*Zumbrun v. Univ. of S. Cal.*,
  25 Cal. App.3d 1 (1972) ...........................................................................................................5

## FEDERAL STATUTES AND RULES

20 U.S.C. § 1681(a) ..........................................................................................................................6

Rule 12(b)(6) ....................................................................................................................................9

## ARGUMENT

### I. Plaintiff's Curious And Non-Substantive Response Cannot Save His Breach of Contract Claim.

Harris' Amended Complaint contends that the University breached its contract with him by violating certain terms in the Handbook.[1] *See* Am. Compl. ¶ 83 ("SJU breached its contract with Harris by failing to comply with the Handbook, a contract between Harris and SJU . . . ."). Having now filed two Complaints, Harris has not once pled the existence of any contractual relationship with the University other than certain terms in the Handbook. *See* Am. Compl. ¶¶ 81-84.

In his Opposition Brief to the University's Motion to Dismiss ("Opposition" or "Pl. Br."), Harris contends for the first time that he "does not necessarily contend that the Handbook is the sole source of the entirety of the contractual agreements and obligations between SJU and Harris." Pl. Br. at 8. Harris goes on to argue that issues of fact thus exist as to "whether the Handbook evidences all, some, or none of the alleged contractual obligations between SJU and Harris." *Id.* at 8-9. These late-in-the-game arguments are directly contrary to what Harris has now pleaded *twice*, and they cannot save Harris' breach of contract claim from dismissal.

It is axiomatic that a litigant may not use his opposition to a motion to dismiss to amend his complaint to assert new theories for recovery. *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). In his Amended Complaint, Harris pleads the existence of only one contract—the Handbook. Having pleaded the existence and essential terms of only one contract, Harris cannot defeat a motion to dismiss his breach of contract claim by reference

---

[1] Capitalized terms in this Reply Brief have the same meanings ascribed to them in the University's Memorandum of Law in support of its Motion to Dismiss.

to a some new phantom, unpleaded contract. *See* Pl. Br. at 8; *accord Chemtech Int'l, Inc. v. Chem. Injection Techs., Inc.*, 170 F. App'x 805, 807 (3d Cir. 2006).

Harris seemingly attempts to focus the Court on this new contractual theory because he has no substantive response – none – to the University's arguments demonstrating the inadequacy of Harris' more than twenty individual allegations of breach of the Handbook. *See* Am. Compl. ¶¶ 83(a)-(w) (listing twenty-three individualized allegations of breach); Univ. Br. at 10-17 (refuting each allegation of breach as lacking factual support in the Amended Complaint). In fact, by failing to address, or support, any of his laundry-list of purported breaches, Harris has abandoned each of his individual theories of breach, which requires their dismissal. *See Hoffman v. Dougher*, No. Civ. A 1:05CV0906, 2006 WL 2709703, at *4 (M.D.Pa. Sept. 20, 2006) (holding that abandonment of a position is tantamount to waiver) (citing *D'Angio v. Borough of Nescopeck*, 34 F. Supp. 2d 256, 265 (M.D.Pa. 1999)); *see also Pennsylvania v. United States*, CIV A 05-1345, 2006 WL 2708177, at *23 n.2 (W.D. Pa. Sept. 19, 2006) (Ambrose, J.) (explaining failure to address argument in responsive brief operates as concession); *Lescoe v. Pa. Dep't of Corrections SCI-Frackville*, 4:09-CV-839, 2011 WL 1343144, at *2 (M.D. Pa. Mar. 30, 2011), *aff'd*, 464 F. App'x 50 (3d Cir. 2012) (same).

Finally, Harris attempts to create a sideshow by focusing on a single statement in the Handbook indicating that the entire Handbook is not a contract. *See* Pl. Br. at 8. The entire Handbook, which has been attached as an Exhibit to pleadings in this matter, includes such things as maps, menus, and other items that no one would contend is a contract. The statement in the University's Handbook captures the well-established rule that "not all aspects of the student/university relationship are subject to a contract remedy, and it is a plaintiff's obligation to point to a mutual agreement with sufficiently definite terms or obligations." *McFadyen v.*

2

*Duke Univ.*, 786 F. Supp. 2d 887, 982 (M.D.N.C. 2011), *aff'd in part, rev'd in part on other grounds, dismissed in part sub nom. Evans v. Chalmers*, 703 F.3d 636 (4th Cir. 2012), *petition for cert. filed*, 82 U.S.L.W. 3002 (June 13, 2013), (internal citations and marks omitted) (collecting cases). As the *McFayden* court explained in its scholarly and lengthy opinion on the topic, some provisions in a handbook are capable of creating a contract ("specific, potentially enforceable provisions outlining certain procedures to be followed"), and some are not. *Id.* at 982-83.

The University's statement in the Handbook that the Handbook is not a contract creates no contradiction or factual issue – it is a notice to students that nonsubstantive sections of the Handbook – maps, course schedules, requirements for majors, etc. – do not create binding contracts. This does not mean that the policies and procedures that bind the parties stated in that Handbook do not constitute contractual obligations – they do. Pennsylvania law is clear on this point for a private university, and *this is what Harris himself pleads*. Moreover, four of the cases that Harris suggests support his position – *Gjeka v. Delaware, Barr v. Community College of Beaver County, Fellheimer v. Middlebury College*, and *Dempsey v. Bucknell University* – unequivocally hold that a student handbook establishes the contractual relationship between students and institutions of higher education.[2] Only two cases cited by Harris – *Manning v. Temple University* and *Furey v. Temple University* – reach a contrary conclusion in part,[3] but underlying both those cases is the important reality that the Supreme Court of Pennsylvania "has declined to construe the student handbook of *a public university* as a contract between the public

---

[2] *Gjeka v. Del. Cnty. Cmty. Coll.*, Civ. A. No. 12-4548, 2013 WL 2257727, at *14 (E.D. Pa. May 23, 2013); *Barr v. Cmty. Coll. Of Beaver Cnty.*, 968 A.2d 235, 238 (Pa. Commw. Ct. 2009); *Fellheimer v. Middlebury Coll.*, 869 F.Supp. 238 (D.Vt. 1993); *Dempsey v. Bucknell Univ.*, No. 4:11-cv-1679, 2012 WL 1569826, at *17 (M.D. Pa. May 3, 2012).

[3] *Manning v. Temple Univ.*, Civ. A. 03-4012, 2004 WL 3019230, at *12 (E.D. Pa. Dec. 30, 2004); *Furey v. Temple Univ.*, 730 F. Supp. 2d 380, 400-01 (E.D. Pa. 2010).

3

university and the student." *Johnson v. Temple Univ. of Commonwealth Sys. of Higher Educ.*, CIV. A. 12-515, 2013 WL 5298484, at *13 (E.D. Pa. Sept. 19, 2013) (emphasis added) (citing *Tran v. State Sys. of Higher Educ.*, 986 A.2d 179, 183 (Pa. Commw. Ct. 2009)). Both cases cited by Harris for the purported existence of a "conflict" in the law on this point involve Temple University, and Temple is a *public* university. St. Joseph's is not, and all of the cases Harris cites in his brief that deal with *private* institutions hold unequivocally that a Handbook creates the contractual obligations that define the relationship between university and student.

Harris' breach of contract claim should be dismissed.

## II. Plaintiff's Argument in Support of His Purported Covenant of Good Faith and Fair Dealing Claim Misstates and Ignores the Law.

The arguments in his Opposition notwithstanding, Harris has failed to state a claim for a breach of the covenant of good faith and fair dealing for four reasons. *First*, Harris does not actually separately plead any Count in his Amended Complaint for breach of the covenant. Rather, he buries vague language regarding "good faith" in Count I of his Amended Complaint, which purports to state a claim for breach of contract. Harris has already had the opportunity to amend his complaint once, and he cannot, as discussed above, conjure a separate claim for breach of the covenant of good faith and fair dealing merely by saying so in his Opposition.

*Second*, Harris is mistaken in his contention that a duty of good faith and fair duty exists under the circumstances presented in his Amended Complaint. Pennsylvania courts "have recognized a separate, common-law duty of good faith performance of contracts only in limited situations where there is some special relationship between the parties, such as a confidential or fiduciary relationship." *Chrysler Credit Corp. v. B.J.M., Jr., Inc.*, 834 F. Supp. 813, 841 (E.D.Pa. 1993) (Joyner, J.). For instance, in *B.J.M.*, this Court held that the relationship between a lender and borrower was not of a "fiduciary" nature, and accordingly no independent duty of

4

good faith and fair dealing arose. *See id.* at 842. Here, Harris has not demonstrated through well-pleaded allegations that he enjoyed such a confidential, fiduciary relationship with the University, nor does he cite any case standing for the proposition that a university-student relationship is fiduciary in nature. The Third Circuit and this Court have, in fact, explicitly held to the contrary.[4] As the Third Circuit has explained in rejecting a mechanical application of the covenant of good faith and fair dealing to contractual relationships, "if contracting parties cannot profitably use their contractual powers without fear that a jury will second-guess them under a vague standard of good faith, the law will impair the predictability that an orderly commerce requires." *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 618 (3d Cir. 1995) (internal marks and citations omitted).

*Third*, even if Harris had adequately pleaded a circumstance in which the covenant applies, which he has not, a plaintiff may not simply recast plain allegations of breach of contract as breaches of the covenant of good faith and fair dealing.

*Fourth*, and finally, where no contract exists, there can be no breach of an implied covenant of that contract. *Pinnix v. The Fielding Inst.*, 53 F. App'x 204, 205 (3d Cir. 2002). If Harris is successful in his new "maybe there really is no contract" theory, his good faith and fair dealing claim is moot.

---

[4] *See, e.g., Thomas v. Ne. Univ.*, 457 F. App'x 83, 85 (3d Cir. 2012) (University and student "do not have the requisite relationship of trust and confidence that gives rise to a fiduciary duty") (applying New Jersey law); *Vurimindi v. Fuqua Sch. of Bus.*, No. 10–234, 2010 WL 3419568, at *7 (E.D.Pa. Aug. 25, 2010) ("university personnel do not owe a fiduciary duty to students under Pennsylvania law."), *aff'd*, 435 F. App'x 129 (3d Cir. 2011); *accord Morris v. Brandeis Univ.*, No. CA002161, 2001 WL 1470357, at *6 (Mass. Super. Ct. Sept. 4, 2001) (the relationship between students and universities is contractual rather than fiduciary), *aff'd*, 804 N.E. 2d 961 (Mass. App. Ct. 2004); *Zumbrun v. Univ. of S. Cal.*, 25 Cal. App.3d 1, 13 (1972) (same).

### III. Plaintiff's Opposition Underscores the Conclusion that Harris Has Not Pled A Title IX Claim.

Title IX provides that "[n]o person ... shall, *on the basis of sex*, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity...." 20 U.S.C. § 1681(a) (emphasis added).

On page 18 of his Opposition, Harris states the he "easily satisfies the pleading requirement of a Title IX claim," and goes on to argue that the "Amended Complaint, fairly read, alleges" that: (1) false charges of rape were made against Harris; (2) Doe was on good terms with Harris; (3) SJU failed to provide Harris with a complete copy of its investigative report prior to his disciplinary hearing; (4) SJU failed to consider certain evidence at Harris' initial hearing; and (5) SJU precluded Harris from directly cross-examining Doe; or (6) from having his parents or legal counsel present at his hearing. Pl. Br. at 18. This is the *entirety* of Harris' effort to demonstrate that he has alleged sufficient facts to state a claim under Title IX, and it underscores the central thrust of the University's argument: *none of these allegations has anything to do with Harris' gender.* See Univ. Br. at 17-18.

In other words, nothing in Harris' Amended Complaint, and nothing in his Opposition, creates any reasonable inference of a nexus between the purported mistreatment Harris complains about and the fact that he is a man. Without the allegation of "particular circumstances suggesting that gender bias was a motivating factor behind the erroneous finding," Harris cannot state a claim, *see Yusuf v. Vassar College*, 35 F.3d 709, 715 (2d Cir. 1994),[5] and dismissal of Harris' Title IX claim is accordingly warranted.

---

[5] *Yusuf* remains good law on the issue of pleading a Title IX claim. Harris contends erroneously in his Opposition that *Yusuf* was overruled, and is no longer good law, based solely on a Title VII case in the Eastern District of Oklahoma, *Reagor v. Okmulgee County Family Resource Center, Inc.*, 12-CV-154-JHP, 2012 WL 4105142 (E.D. Okla. Sept. 17, 2012), which in turn solely relied on *Goldvekht v. United Fed'n of Teachers*, No. 08-
(footnote continued on next page)

6

## IV. Plaintiff's Defamation and False Light Claims Fail.

Harris makes just two specific allegations of defamatory conduct that could be reasonably attributed to the University or Kalin: (1) "Either Doe, Kalin, or other SJU employees, agents, or representatives informed A.I. of Harris' *alleged* sexual misconduct;" and (2) "Doe and/or Kalin communicated Harris' *alleged* sexually [sic] misconduct to the Panel." Am. Compl. ¶¶ 122(c)-(d). In response to the University's brief, Harris contends at page 34 of his Opposition that in order for the truth of the underlying statement to be a defense, the truth of the statements "must be proven."

The University and Kalin, however, do not need to prove through discovery facts that Harris has affirmatively pled that mandate dismissal of his own claim. *See GE Capital Mortg. Servs., Inc. v. Pinnacle Mortg. Inv. Corp.*, 897 F. Supp. 854, 868 n.11 (E.D. Pa. 1995) (dismissing defamation claim where truth of statement was apparent from pleadings); *accord Shifflet v. Thomson Newspapers (Ohio), Inc.*, 431 N.E.2d 1014, 1020 (Ohio 1982) (affirming summary judgment award to defendants where "the truth of the alleged statements . . . was established by the express and implicit allegations made by the [plaintiff] in his own pleading").

---

CV-1494, 2009 WL 129495, at *3 (E.D.N.Y Jan. 20, 2009). Neither case deals with Title IX, and both analyze a very different question (namely, what pleading standard, following *Twombly* and *Iqbal*, a litigant need plead to assert Title VII and ADEA claims in light of *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)).

Since *Goldvehkt* was decided in 2009, numerous cases have applied *Yusuf* as good law to analyze pleading requirements under Title IX. *See, e.g., Scott v. WorldStarHipHop, Inc.*, 10 CIV 9538, 2011 WL 5082410, at *4 (S.D.N.Y. Oct. 25, 2011) (citing *Yusuf* and explaining that "a plaintiff must allege particular facts sufficient to cast some articulable doubt on the accuracy of the outcome" and "particular circumstances suggesting that gender bias was a motivating factor behind the erroneous finding.") (internal marks omitted); *Tafuto v. N.J. Inst. of Tech.*, CIV. A. 10-4521 PGS, 2011 WL 3163240, at *2 (D.N.J. July 26, 2011) (quoting *Yusuf* in explaining that "conclusory allegations of selective enforcement do not suffice for purposes of Rule 12(b)(6)") (internal marks omitted); *Manolov v. Borough of Manhattan Cmty. Coll.*, No. 12 CIV. 1919, 2012 WL 6703570, at *5 (S.D.N.Y. Dec. 20, 2012) (citing *Yusuf* and holding a "claim of discrimination under Title IX similarly requires allegations of discriminatory intent. . . . In order to survive a motion to dismiss, the plaintiff must specifically allege . . . circumstances giving rise to a plausible inference of racially discriminatory intent."); *Doe v. Univ. of the S.*, 687 F. Supp. 2d 744, 756 (E.D. Tenn. 2009) (citing *Yusuf* via *Mallory v. Ohio Univ.*, 76 F. App'x 634, 640 (6th Cir. 2003)); *Hyman v. Cornell Univ.*, 834 F. Supp. 2d 77, 82 (N.D.N.Y. 2011), *aff'd*, 485 F. App'x 465 (2d Cir. 2012), *cert. denied*, 133 S. Ct. 1268 (2013), *reh'g denied*, 133 S. Ct. 1858 (2013).

7

Here, Harris affirmatively pleads that Doe accused him of sexual misconduct – her accusation is the chief factual predicate for his claims against her in this lawsuit. *See, e.g.*, Am. Compl. ¶¶ 37-38, 67. Because Harris' own pleading establishes the truth of the University and Kalin's alleged statements – *i.e.* that Harris was *alleged* to have engaged in sexual misconduct, Harris cannot state a claim for defamation against the University or Kalin.

Harris makes no particularized allegation of *any* statement in connection with his false light claim. Even reading Harris' allegations relating to his defamation claim into his false light claim, however, Harris' false light claim fails for the same reasons – his own allegations establish the truth of the alleged statements. Harris' defamation and false light claims thus both warrant dismissal.

## V. Plaintiff's Unfair Trade Practices Claim Fails Because It Is Based on Facially Implausible Allegations

Harris alleges in his Amended Complaint that the Handbook "is given to each student only after the student's acceptance by [the University]." Am. Compl. ¶ 44. In his Opposition brief, however, Harris contends that he purchased educational services and fees based on his reliance on various misrepresentations (relating to the University's handling of allegations of sexual misconduct) *made by the University in the Handbook*. Pl. Br. at 29. Harris' argument makes no temporal sense – it cannot both be the case that Harris was not given notice of the Handbook until after he enrolled, but that he enrolled *specifically in reliance* on the University's statements regarding its treatment of those accused of sexual misconduct (implausible though this is, as well). Because his allegations are logically irreconcilable, Harris has not stated a "plausible" claim pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) or *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009), and his UTPCPL claim must be dismissed.

8

## CONCLUSION

For all the foregoing reasons, and those stated in the University's Memorandum of Law in support of its Motion to Dismiss, Harris' claims against the University and Kalin should be dismissed with prejudice for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

SAUL EWING LLP

Date: November 6, 2013

/s/ James A. Keller, Esquire
James A. Keller, Esquire/79855
Joshua W. B. Richards, Esquire/204315
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
(215) 972-7777
jkeller@saul.com
jrichards@saul.com

## **CERTIFICATE OF SERVICE**

I, Joshua W. B. Richards, certify that on this date I filed via the ECF system a true and correct copy of the foregoing Reply Brief in Support of Saint Joseph's University's Motion to Dismiss, which constitutes valid service on the following registered users:

<div style="text-align:center">

Kenneth M. Dubrow, Esquire
The Chartwell Law Offices, LLP
1735 Market Street, 29th Floor
Philadelphia, PA 19103

Timothy Burke, Esquire
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102

Daniel J. Rucket, Esquire
John H. McCarthy, Esquire
1339 Chestnut Street
One South Penn Square
The Widener Building, 16th Floor
Philadelphia, PA 19107

</div>

Date: November 6, 2013          /s/ Joshua W. B. Richards
                                Joshua W. B. Richards

FILED

NOV - 8 2013

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk