UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN HARRIS | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO.  13-CV-3937 |
| | : | |
| SAINT JOSEPH'S UNIVERSITY | : | |
| and | : | |
| JOSEPH KALIN | : | |
| and | : | |
| JANE DOE | : | |
| | : | |
| Defendants. | : | |

**FILED**

NOV 1 3 2013

MICHAEL E. KUNZ, Clerk

By_____ Dep. Clerk

## PLAINTIFF'S SURREPLY MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO MOTION OF DEFENDANTS, SAINT JOSEPH'S UNIVERSITY AND JOSEPH KALIN, TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Plaintiff, Brian Harris ("Harris"), hereby submits this surreply memorandum of law in further support of his opposition to the motion of Defendants, Saint Joseph's University ("SJU") and Joseph Kalin ("Kalin") (collectively, "Moving Defendants"), to dismiss Plaintiff's Amended Complaint (the "SJU Motion").

### I.   PRELIMINARY STATEMENT

On July 8, 2013, Harris instituted the above action by way of Complaint (Document 1). Following the filing of motions to dismiss the Complaint by SJU and Kalin, and by Co-Defendant, Jane Doe ("Doe"), on September 3, 2013, Harris filed an Amended Complaint (the "Amended Complaint") (Document 20). On September 17, 2013, Moving Defendants filed the SJU Motion (Document 23).[1] On October 15, 2013, Harris filed his memorandum of law in opposition to the SJU Motion (the "Harris Opposition") (Document 30). Per Order dated November 7, 2013 (Document 41), the Court granted Moving Defendants' motion for leave to file a reply

---

[1] On September 19, 2013, Doe filed a motion to dismiss the Amended Complaint (Document 24).

brief, which reply brief was filed on November 8, 2013 (Document 42). Upon request for leave to file a surreply, Harris offers the following in response to the issues raised in Moving Defendants' reply brief.

## II.   LEGAL ARGUMENT

### A.   The Amended Complaint Sets Forth a Claim for Breach of Contract Against SJU

In their quest to summarily dispose of the well pleaded Amended Complaint, Moving Defendants now offer "curiosity" in lieu of legal argument. SJU's characterizing Harris' assertion the Handbook[2] is not a contract[3] as an abandonment of his breach of contract claim is hopelessly misleading. As detailed in both the Amended Complaint and in the Harris Opposition, Harris has successfully pleaded a breach of contract claim based upon not only SJU's failure to abide by the requirements of the Handbook (i.e., the contract) but by establishing subpar, and insufficient, policies and procedures included in the Handbook, particularly those addressing the investigation and prosecution of alleged sexual offenses. Harris predicates his breach of contract claim upon the Handbook. SJU would have this Court summarily conclude: (a) the Handbook sets forth the entire contract when, based upon its own language, it reads it is not a contract; and, (b) that SJU complied with its terms incident to its investigation and prosecution of Doe's baseless sexual assault claim against Harris. At present, all Harris has is the Handbook, the document he was told was the contract. Harris highlights the Handbook's internal ambiguity, reading it is not a contract, simply as proof positive the issues asserted in the Amended Complaint need be vetted in discovery and ought not be summarily rejected *ab initio*.

---

[2] Harris joins in SJU's and Kalin's request that the capitalized terms incorporate the definitions provided in the prior briefs and memoranda of law addressing the SJU Motion.

[3] Handbook, p.3.

2

SJU's attack upon the cases cited by Harris, supporting his argument that all Courts have not necessarily viewed handbooks as contracts, as referring to public, not private universities, is a red herring distinction without difference. Specifically, <u>Maning v. Temple Univ.</u>, Civ.A. 034012, 2004 WL 3019230 (E.D.Pa., Dec. 30, 2004) and <u>Furey v. Temple Univ.</u>, 730 F.Supp.2d 380 (E.D.Pa., 2010), at most, suggest the Pennsylvania Supreme Court has not construed a student handbook of a public university, but neither case negates the fact that Courts have wrestled with the characterization of a handbook as a contract. It is simply yet another issue of material fact in dispute that, on its face, bars the granting of the SJU Motion. Thus, the inclusion of this highlighted ambiguity in the Harris Opposition is by no means an abandonment of its otherwise well pleaded breach of contract claim against SJU.

SJU takes great pains to argue the Amended Complaint fails to articulate SJU's breach of contract. This argument fails for two glaring reasons: First, the Amended Complaint adequately summarizes the breach of contract claim. See, <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 231 (3rd Cir. 2008) (the "general rules of pleading still require only a short and plain statement of the claim showing that the pleader is entitled to relief, not detailed allegations"). Second, SJU ignores the very allegations of the Amended Complaint. For example, the Handbook, serving as SJU's insisted contract, makes clear SJU will investigate charges of sexual misconduct. SJU's entire policy regarding the investigation and prosecution of sexual assault claims is subpar. Moreover, and in particular, SJU breached the contract by assigning Kalin the investigation during which Kalin purposely intimidated Harris, and intentionally omitted the exculpatory text messages from the investigative record such that they were not presented to the Panel during the initial hearing. SJU further breached the contract by failing to insure the investigation was completed adequately and comprehensively. SJU also breached the contract by knowingly allowing minimal requirements, such as the preponderance of the evidence standard

3

and the failure to permit the accused's confronting of an accuser, to be incorporated into its policies and procedures. SJU also allowed for uncorroborated hearsay statements to be considered again without allowing any challenge to their credibility or accuracy.

Additionally, as discovery will establish, SJU's procedure for investigating and prosecuting sexual assault claims was newly implemented and has since changed since the Harris prosecution. SJU's insistence the text messages were subsequently considered is nothing more than a weak effort to cure its breach of contract for, as demonstrated both in the Amended Complaint and in the Harris Opposition, the dye had already been cast and the Panel was not going to change a decision erstwhile based upon an admittedly incomplete record. In essence, the breach had already occurred and Harris suffered damages as a result thereof.

The Amended Complaint, specifically at ¶83, offers a list of examples of SJU's breach of contract. The Federal Rules of Civil Procedure require notice pleading. SJU has been placed on notice of all of these charges. See, Phillips v. County of Allegheny, supra. To fully explain and prove the allegations, Harris, at the very least, should be afforded an opportunity to pursue discovery. The Amended Complaint, read as a whole, clearly establishes a fact pattern supportive of the allegations.

In essence, clinging to its beliefs that Courts are not permitted to review the adequacy of a private university's policies and procedures regarding the investigation and prosecution of sexual assault, SJU fails to consider Harris' multitude of challenges of the Handbook, itself, and its inadequacies and departures from well recognized notions of fundamental fairness and due process. For these reasons, alone, the SJU Motion must be denied.

4

**B.** **The Amended Complaint Satisfactorily Sets Forth a Claim for Breach of Implied Duty of Good Faith and Fair Dealing**

SJU's reliance upon Chrysler Credit Corp. v. B.J.M. Jr., Inc., 834 F.Supp. 813 (E.D.Pa., 1993) is largely misplaced save for its holding the duty of good faith under Pennsylvania law in the performance of a contract arises under the law of contracts, not under the law of torts. Id., at 841, 842. However, the case's purported holding that this common law duty applies only where there is a special relationship between the parties is not a comprehensive reflection of Pennsylvania law.

First, as the cases in the Harris Opposition state, a requirement for a special relationship, such as a fiduciary duty relationship, is only required in instances where a breach of an implied duty of good faith and fair dealing is asserted as a separate count, reciting a separate and distinct claim. Such a requirement is not present where the breach of the implied duty of good faith is subsumed in the overall breach of contract claim, itself. In such instances, the "special relationship" is not required.

In the case *sub judice*, Harris does not assert a separate claim for the breach of duty of good faith and fair dealing. To the contrary, this claim is included in Count I (Breach of Contract) of the Amended Complaint, ¶82, reading:

> The contract between Harris and SJU imposed upon SJU a duty of good faith and fair dealing including, *inter alia*, a duty to conduct a diligent, unbiased, and meaningful investigation and adjudication; not sham formalities designed to ratify an arbitrary decision already made.

In essence, SJU offers a substandard contract which it imposes upon its students, fails to implement same in good faith, and, albeit not surprisingly, cries foul in response to a claim of the contract's alleged breach.

5

Pennsylvania law imposes a general duty of good faith and fair dealing in the performance of contracts; "however, it is clear that while this duty exists, it exists as part and parcel of a claim for breach of contract, not as an independent cause of action." Rosiji v. City of Philadelphia, 2012 WL 1646726 (E.D.Pa., 2012) *8, citing, LSI Title Agency, Inc. v. Evaluation Servs., Inc., 951 A.2d 384, 391 (Pa.Super., 2008). In Rosiji, the plaintiff, a Philadelphia police detective, was fired for allegedly using military leave instead of vacation time. He was thereafter arrested and charged with, *inter alia*, theft. Plaintiff was subsequently acquitted of the criminal charges and following the City's refusal to reinstate him to his prior position, the plaintiff filed a grievance pursuant to a Collective Bargaining Agreement. Plaintiff and the City later settled the grievance, memorialized by a written settlement agreement which obliged the City to reinstate the plaintiff as a police officer conditioned upon his passing a psychological evaluation. The plaintiff did not meet the evaluation's criteria and, consequently, he was demoted to a lesser paying position. The plaintiff instituted an action by way of complaint, and later, by amended complaint, charging the City with multiple claims including breach of contract (the settlement agreement) and violations of both 42 U.S.C. §1983 (denial of property without due process of law) and 18 Pa.C.S.A. §9125 (misuse of criminal history record information). The City (and identified individual defendants, against two of which breach of contract claims are also asserted) filed motions to dismiss which the District Court denied.

The plaintiff sought damages for breach of contract, including a violation of the implied duty of good faith and fair dealing imposed by the contract. Id., at *8. While the Court noted that under Pennsylvania law "there is no duty of good faith and fair dealing that can be implied where adequate remedies under an established cause of action based on the same conduct or available to the plaintiff," it refused to dismiss the breach of contract claim, finding:

6

Rosiji sufficiently alleges the existence of the Settlement Agreement, as well as the breach of the duty imposed by it and resultant damages. He successfully argues that his breach of contract claim should be permitted to move forward because he is attempting to vindicate the express rights set forth, as well as implicated, in the Settlement Agreement, as opposed to the alleged procedural due process rights he seeks to vindicate in his <u>Section 1983</u> procedural due process claim. Thus, at this stage, dismissal of Rosiji's breach of contract claim is premature, and will not be granted.

Id., at *8 (emphasis in original).

Likewise, Harris' multiple claims do not nullify his breach of contract claim, including SJU's alleged breach of an implied duty of good faith and fair dealing. This latter claim is embodied in the overall breach of contract claim and does not require a "special" relationship as a condition precedent thereto. Accordingly, SJU's motion to dismiss Harris' breach of contract claim must be denied.

C.     **The Amended Complaint States a Viable Claim for Violation of Title IX**

The Amended Complaint includes a host of allegations regarding SJU's asserted gender bias. Interestingly, SJU quotes Harris' indicia of the alleged violations of the Act, but summarily concludes, albeit erroneously, that "none of these allegations has anything to do with Harris' gender." This unwarranted assertion completely ignores the prose of the Amended Complaint which, at ¶92, details the evidence of SJU's impermissible gender bias against Harris in the investigation and adjudication of Doe's accusations. Each and every one of the indicia is based, in part, upon SJU's gender bias policies and procedures. Hence, Harris has plead sufficient facts to defeat SJU's motion to dismiss the Title IX claim.

7

D.   **The Amended Complaint Includes Viable Claims of Defamation and False Light as Against Moving Defendants and Doe**

In a somewhat stunning reversal of their earlier position, i.e., that Harris' claims of defamation and false light were barred by judicial immunity,[4] Moving Defendants now limit their assertion the claims are barred by "truth." The pivotal question, however, is upon what "truth" Moving Defendants rely. Clearly, it is the tainted "truth" as concluded by the Panel. However, it is this very "truth" that is the focus of the Amended Complaint which, alone, warrants the denial of Moving Defendants' motion to dismiss the defamation and false light claims.

This Court is well within its rights to grant Harris his request for judicial review and examination of the highly questionable fundamental fairness of, and due process afforded by, SJU's disciplinary procedures. See, <u>Boehm v. University of Pennsylvania School of Veterinary Medicine</u>, 392 Pa.Super. 502 (1990). See also, <u>Furey v. Temple Univ.</u>, <u>supra</u>. Upon proper vetting of the issues raised in the Amended Complaint, it may very well turn out, and likely will, that the Panel's improperly designed and implemented procedures did not conclude the "truth," as Moving Defendants so characterize. Accordingly, Moving Defendants' motion to dismiss Harris' defamation and false light claims must be denied.

E.   **The Amended Complaint Details a Viable Claim Against SJU for Violation of the UTPCPL**

In its reply brief, SJU reiterates its earlier argument the Amended Complaint reads the Handbook was provided <u>after</u> Harris' acceptance by SJU (Amended Complaint, ¶44) while Harris simultaneously argues he relied upon SJU's statements regarding the treatment of those accused of sexual misconduct <u>prior</u> to his enrolling at SJU. SJU suggests Harris could not have

---

[4] As the Harris Opposition makes clear, none of the privileges cited by SJU and Kalin apply.

8

justifiably relied upon provisions in the Handbook in forming his decision to attend SJU. However, what SJU ignores is that enrollment and attendance are different. Although Harris alleges he was not provided a copy of the Handbook until he enrolled, he did receive and read the Handbook prior to attending SJU and, thus, was induced to so attend based upon the representations and warranties made therein. Thus, Harris has satisfied the reliance requirement for his UTPCPL claim.

## III.   CONCLUSION

For the foregoing reasons, and for those set forth in the Harris Opposition, it is respectfully requested that the SJU Motion be denied and Moving Defendants compelled to answer the Amended Complaint.

Respectfully submitted,

THE CHARTWELL LAW OFFICES, LLP


BY: /s/ KMD3842
KENNETH M. DUBROW, ESQUIRE
I.D. No. 34665
1735 Market Street, 29th Floor
Philadelphia, PA 19013
(215) 972-7006
kdubrow@chartwelllaw.com

Attorney for Plaintiff,
Brian Harris

Harris (44982)/Pleadings/Pls Surreply to Def SJU-Kalin MTD