

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN HARRIS | : | CIVIL ACTION |
|     Plaintiff, | : | |
| v. | : | |
| | : | |
| SAINT JOSEPH'S UNIVERSITY, *et al.* | : | NO. 13-3937 |
|     Defendants. | : | |

O R D E R

AND NOW, this 25th day of November, 2014, upon consideration of: (1) the Motion of Defendant, Saint Joseph's University ("SJU"), to Dismiss Counts I and II of Plaintiff's Second Amended Complaint ("SAC") (ECF Document 66),[1] Plaintiff's opposition thereto (Doc. 74), and SJU's reply brief (Doc. 79); (2) Plaintiff's Motion to Dismiss Counts II and III of the Counterclaim of Defendant, Jane Doe, and to Strike "Impertinent" Material from Doe's Answer to Plaintiff's SAC (Doc. 80), Defendant Doe's opposition thereto (Doc. 88), and Plaintiff's reply (Docs. 92); and (3) SJU's Motion to Dismiss Crossclaim of Defendant Doe (Doc. 82), and Defendant Doe's opposition thereto (Doc. 89), it is hereby ORDERED that:

    1. Defendant SJU's Motion to Dismiss Counts I and II of Plaintiff's Second Amended Complaint (Doc. 66) is GRANTED IN PART and DENIED IN PART:

---

[1] Dismissal under Rule 12(b)(6) is proper where the Amended Complaint fails to state a claim upon which relief may be granted, such as where the plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory allegations are insufficient to survive a motion to dismiss. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The Court must consider only those facts alleged in the Complaint and accept all of those allegations as true. *Wiest v. Lynch*, 2014 WL 1490250, *8 (E.D. Pa. 2014) (citing *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d "Cir. 1994)). However, the Court "need not accept as true unsupported conclusions and unwarranted inferences," *see id.* (citing *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000) (citations and internal quotation marks omitted)), and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," *see Iqbal*, 556 U.S. at 678.

1

(A) Insofar as SJU's motion (Doc. 66) requests dismissal of Count I of Plaintiff's Second Amended Complaint (Breach of Contract), SJU's motion is GRANTED, and this claim is DISMISSED with prejudice;[2]

(B) Defendants' motion (Doc. 66) is otherwise DENIED;[3]

2. Plaintiff's Motion to Dismiss Counts II and III of Defendant Doe's Counterclaim and to Strike "Impertinent" Material from Doe's Answer to Plaintiff's SAC (Doc. 80) is GRANTED IN PART and DENIED IN PART:

---

[2] In the SAC (Doc. 61), Plaintiff fails to correct the deficiencies in the claim for breach of contract which this Court pointed out when it granted Plaintiff leave to amend his Amended Complaint. *See* Mem. & Order ("M&O") filed 5/13/14 (Docs. 55, 56), at 4, 6-7. For example, while the SAC alleges that 2 of the 5 panel members failed to "visualize[]" witnesses at plaintiff's second hearing, *see* SAC ¶ 90, the SAC fails to point to any provision **in the Handbook** (nor does there appear to be one) which required the panel members to "visualize[]" witnesses at the second hearing in evaluating the information and considering credibility to determine if the community standards were violated. *See id.* ¶¶ 88-91; *see, e.g., Hart v. Univ. of Scranton*, 2012 WL 1057383, *3 (M.D. Pa. 2012) (citing *Vurimindi v. Fuqua School of Business*, 435 F. App'x 129, 133 (3d Cir. 2011)) ("[plaintiff] has not identified any 'specific identifiable promise that the [University] failed to honor'"). Furthermore, the SAC fails to point to any particular provision **in the Handbook** (nor does there appear to be one) that actually *required* SJU to respond to plaintiff's appeal "within five (5) business days of the appeal request." *See* SAC ¶ 95. Since there has been a "repeated failure to cure deficiencies," and since it appears leave to amend the SAC would be futile, Count I of the SAC is dismissed with prejudice. *See, e.g., Citizens Bank of Pa. v. Reimbursement Tech., Inc.*, 2014 WL 2738220, *9 (E.D. Pa. 2014) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) (setting forth reasons for denial of leave to amend Complaint, including repeated failure to cure deficiencies and futility)); *Id.* (citing *Stone v. N.J. Admin. Office of the Courts*, 557 F. App'x 151, 155 (3d Cir. 2014)) (denying leave to amend on basis that amendment would be futile).

[3] Count II of Plaintiff's SAC alleges a claim of gender discrimination in violation of Title IX of the Education Act Amendments of 1972, 20 U.S.C. § 1681 *et seq.* Specifically, Plaintiff alleges that SJU's gender discrimination led to a flawed outcome in the proceedings. *See* SAC ¶ 113. In making this claim, Plaintiff must allege facts sufficient to make a plausible claim that "the hearing was flawed due to his **gender**." *See Wells v. Xavier Univ.*, 7 F. Supp.3d 746, 751 (S.D. Ohio 2014) (citing *Yusuf v. Vassar Coll.*, 35 F.3d 709, 715 (2d Cir. 1994)) (emph. added). The SAC alleges that on Jan. 15, 2013, D.S., the head of SJU's ethics department and a member of the Community Standards Board, stated to Plaintiff's father that SJU had "adopted a policy favoring female accusers as SJU was concerned about 'Title IX' charges by female students." *See* SAC ¶ 83. The SAC further alleges that this policy was a motivating factor behind the erroneous findings against plaintiff. *Id.* Plaintiff also asserts in his pleading that "male students at SJU, such as [plaintiff], are discriminated against solely on the bases of sex and are invariably found guilty, regardless of the evidence, or lack thereof." *Id.* at 110. Allegations such as statements by members of the disciplinary tribunal or pertinent university officials are sufficient at this stage of the proceedings to support a Title IX claim. *See Yusuf*, 35 F.3d at 715.

2

(A) Insofar as Plaintiff's motion (Doc. 80) requests dismissal of Count III of Doe's Counterclaim (Intentional Interference with Contractual Relations ("IICR")), Plaintiff's motion (Doc. 80) is GRANTED,[4] and this claim is DISMISSED without prejudice to filing an Amended Counterclaim,[5] if Defendant Doe can do so under the confines of Fed. R. Civ. P. 11(b), within twenty (20) days of the filing of this Memorandum and Order. Otherwise, these claims are dismissed with prejudice;

(B) Insofar as Plaintiff's motion (Doc. 80) requests dismissal of Count II of Doe's Counterclaim (Intentional Infliction of Emotional Distress ("IIED")), Plaintiff's motion (Doc. 80) is DENIED;[6]

(C) Insofar as Plaintiff's motion (Doc. 80) requests the Court to strike "impertinent" material from Doe's Answer, Plaintiff's motion is DENIED;[7]

---

[4] In order to plead an IICR claim, the following elements must be pled by Defendant Doe in this case: (1) the existence of a contractual relation between the complainant (Doe) and a third party (SJU); (2) purposeful action on the part of Plaintiff, specifically intended to harm the existing relation; (3) the absence of privilege or justification on the part of Plaintiff; and (4) the occasioning of actual legal damage as a result of Plaintiff's conduct. *Remick v. Manfredy*, 238 F.3d 248, 263 (3d Cir. 2001) (citing *Pelagatti v. Cohen*, 536 A.2d 1337, 1343 (Pa. Super. 1987)). Under this claim, Defendant Doe must allege, among other things, that Plaintiff induced or caused the third party (SJU) not to perform, and Defendant Doe must suffer damages as a result of SJU's non-performance. *See Central Transp., LLC v. Atlas Towing, Inc.*, 884 F. Supp. 2d 207, 213 (E.D. Pa. 2012) (citing Pennsylvania caselaw). Count III of Defendant Doe's Counterclaim, *see* Def. Doe's Countercl. ¶¶ 77-93 (IICR), does not allege, among other things, that Plaintiff purposely caused SJU not to perform the contract with Defendant Doe. *See, e.g., id.* Therefore, Defendant Doe's IICR claim against Plaintiff is dismissed.

[5] Fed. R. Civ. P. 15(a) governs amendment of pleadings, including counterclaims and crossclaims. *See, e.g., Fort Washington Res., Inc. v. Tannen*, 153 F.R.D. 565, 566 (E.D. Pa. 1994); *Rainbow Trucking, Inc. v. Ennia Ins. Co.*, 88 F.R.D. 596, 597 (E.D. Pa. 1980).

[6] This Court has previously discussed what is required to successfully plead an IIED claim. *See* M&O filed 5/13/14 (Doc. 55), at 20-23. Count II of Defendant Doe's Counterclaim, *see* Def. Doe's Countercl. ¶¶ 61-76, alleges outrageous conduct which intentionally or recklessly caused severe emotional distress to Defendant Doe necessitating medical and psychiatric treatment. *See, e.g., Kobrick v. Stevens*, 2014 WL 4914186, *8 (M.D. Pa. 2014); *Jordan v. City of Phila.*, 66 F. Supp. 2d 638, 642 (E.D. Pa. 1999). Defendant Doe has sufficiently pled a claim of IIED as a result of being sexually assaulted by Plaintiff, and her claim survives at this stage of the proceedings. *Id.* ¶ 65.

3. SJU's Motion to Dismiss Defendant Doe's Crossclaim (Doc. 82) is GRANTED,[8] and the Crossclaim is DISMISSED without prejudice to Doe filing an Amended Crossclaim if she can do so under the confines of Fed. R. Civ. P. 11(b), within twenty (20) days of the filing of this Order; otherwise, this claim is dismissed with prejudice.

BY THE COURT:

_L. Restrepo_
L. FELIPE RESTREPO
United States District Judge

---

[7] Plaintiff moves to strike Defendant Doe's references to usage by Plaintiff's counsel at oral argument of the word "cuddle," see Answer to Pl.'s SAC ¶¶ 21, 43. On a motion to strike, the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of this motion "is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." McInerney v. Moyer Lumber & Hardware, Inc., 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002). Motions to strike are not favored and generally will be denied "unless the allegations have no possible relation to the controversy." Id. Indeed, striking some or all of a pleading is considered a "drastic remedy," and courts possess "considerable discretion in disposing of a motion to strike under Rule 12(f)." Tennis v. Ford Motor Co., 730 F. Supp. 2d 437, 443 (W.D. Pa. 2010). Here, among other things, it cannot properly be said that the challenged allegations "have no possible relation to the controversy," and the Court will decline Plaintiff's invitation to grant him the "drastic remedy" of striking portions of Defendant Doe's pleading under Rule 12(f) at this stage of the proceedings.

[8] Doe's Crossclaim against SJU alleges that "if the Plaintiff sustained damages and/or losses as alleged in the [SAC], the damages or losses were caused partially or solely by the negligence, carelessness, breach of contract, or other liability producing conduct of co-defendant SJU, who is solely liable to the Plaintiff and/or severally liable and/or liable over to Doe." See Doe's Countercl. ¶ 2. Doe alleges that "[i]f Doe is found liable to the Plaintiff for all or part of such damages and/or losses the Plaintiff may have sustained . . . then co-defendant SJU is liable over to Doe by way of contribution and/or indemnity, contractual or otherwise." Id. ¶ 3. Plaintiff's only remaining claims against Defendant Doe are defamation (Count IV - against all defendants) and IICR (Count V - against Defendant Doe only). See SAC ¶¶ 127-153. A co-defendant cannot seek indemnity or contribution when the defendants' bases of liability to the plaintiff are separate and distinct from each other. Kirschbaum v. WRGSB Assoc., 243 F.3d 145, 156 (3d Cir. 2001). Here, Plaintiff's respective claims against SJU and Defendant Doe are based on alleged separate and distinct conduct on the part of the co-defendants. Therefore, Defendant Doe is not entitled to make a claim for indemnity or contribution from SJU. Furthermore, the "liability[-]producing conduct of co-defendant SJU" to which Doe refers, i.e., "negligence, carelessness, and breach of contract," see Doe's Countercl. ¶ 2, are claims which either are not alleged in the SAC (negligence, carelessness) or no longer remain in light of SJU's motion to dismiss (breach of contract).

4